USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mattel, Inc.,

           Plaintiff,

–v–

The entities doing business on Amazon.com under the brand name BARBEGIO, *et al.*,

           Defendants.

20-cv-11069 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff, owner of the BARBIE® mark, has brought claims against entities doing business on Amazon for improper use of its marks. As Defendant Guangzhou Zhehong Network Technology Col, Ltd ("Guangzhou Zhehong") has been served but has failed to appear, Plaintiff moves for default judgment. For the reasons that follow, that motion is GRANTED.

    **I.    BACKGROUND**

    On December 30, 2020, Plaintiff filed a complaint *ex parte* under seal against Defendants bringing claims of trademark infringement, counterfeiting, and dilution, among others, for allegedly engaging in the sale and distribution of doll clothes and accessories under the name "BARBEGIO" that closely resembles and/or utilized the trademarked qualities of Plaintiff's products. Dkt. No. 11. Plaintiff simultaneously filed under seal an *ex parte* motion for attachment and temporary restraining order to prevent Defendants from transferring or withdrawing their funds from Amazon.com. Dkt. No. 22-25. Judge Broderick, sitting as Part I,

granted Plaintiff's motion that same day, ordered Plaintiff to serve the Order on Defendants,[1] and ordered Defendants to show cause on at a hearing on January 15, 2021 why a permanent injunction should not be granted.  Dkt. No. 18.  That conference was later adjourned to January 22, 2021.  Dkt. No. 15.  The Court unsealed the case on January 19, 2021.  Dkt. No. 4.

On January 22, 2021, the Court held a show cause hearing, at which Defendants did not appear.  On January 25, 2021, Defendant Guangzhou Zhehong acknowledged receipt of service.  Dkt. No. 17.  The Court extended the temporary restraining order for good cause until February 26, 2021, so that Plaintiff could continue to engage in settlement discussions and move for default judgment if Defendant Guangzhou Zhehong did not appear.  Dkt. No. 19.  Defendant Guangzhou Zhehong has not appeared to respond to the complaint, and the deadline to do so, February 16, 2021, has elapsed.  Dkt. No. 17.  The Clerk of Court issued a certificate of default on February 22, 2021 and Plaintiff moved this Court for default judgment.  Dkt. Nos. 30-31.  Plaintiff served the motion and accompanying papers on Defendant Guangzhou Zhehong.  Dkt. No. 35.  In its motion, Plaintiff asks the Court to permanently enjoin Defendant Guangzhou Zhehong from infringing or counterfeiting Plaintiff's BARBIE® trademark and to grant Plaintiff at least $6,323.86 in damages.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment.  *See New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005).  The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to

---

[1] Judge Broderick ordered that Plaintiff could serve Defendants via FedEx and E-mail, Dkt. No. 18.  *See* Fed. R. Civ. P. 4(h)(2), 4(f)(3).

defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop,* 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The district court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

### A. Liability

Defendant Guangzhou Zhehong has not participated in this litigation, despite service of the Complaint, TRO, and the instant motion. The Court therefore accepts as true all well-pleaded allegations in the complaint but must still determine whether those allegations establish a "legal basis" for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court thus examines "whether [the] plaintiff's allegations are *prima facie* sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment." *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020), *report and recommendation adopted*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665563 (S.D.N.Y. Aug. 18,

2020).  The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To succeed on its Lanham Act trademark infringement and trademarking counterfeiting claims, Plaintiff must demonstrate that Defendant, without Plaintiff's consent, "(1) used in commerce, (2) any reproduction, counterfeit, copy, or colorable imitation of a registered mark, (3) in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use, (4) is likely to cause confusion, or to cause mistake, or to deceive." *Philip Morris USA Inc. v. Felizardo*, No. 03 CIV. 5891 (HB), 2004 WL 1375277, at *4 (S.D.N.Y. June 18, 2004) (quoting 15 U.S.C. § 1114(1)(a)).  To determine whether the final prong is met, Courts look to factors such as "the strength of plaintiff's mark, the degree of similarity between the two marks, the proximity of the parties' areas of commerce, the likelihood that plaintiff will bridge the gap separating their areas of activity, actual consumer confusion, whether defendant acted in bad faith or was otherwise reprehensible in adopting the mark, the quality of defendant's product, and the sophistication of the relevant consumer group." *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 368 (S.D.N.Y. 2020) (citing *Polaroid v. Polarad Elecs. Corp*, 287 F.3d 492, 495 (2d Cir. 1961)).

These elements are met.  Plaintiff has demonstrated, through its Certificate of Trademark Registration, that it owns the rights to the BARBIE® mark.  Dkt. No. 11 ¶¶ 18-20.  In its complaint, TRO application, and supporting exhibits and affidavits, Plaintiff has also demonstrated that Defendant used the name "BARBEGIO" in advertising its product in order to cause confusion to potential customers as to the whether the product is affiliated with BARBIE®.  *Id.*  In an affidavit, a representative of Plaintiff's counsel testifies that she searched

for and purchased some of Defendant's products (i.e., doll clothes and accessories) on Amazon.com, which were then shipped to New York City. Dkt. No. 24.  The affiant submitted photos of said products, as well as screenshots of Defendant's seller's page on Amazon.com, complete with advertisements of those products.  Dkt. No. 24.  Based on this evidence, the Court concludes there is a likelihood of confusion, mistake, or deception to buyers of Defendants' products on Amazon.com.  Defendant sold doll clothes and accessories, under the name BARBEGIO, which has a "high degree of similarity" to Plaintiff's well-known BARBIE® mark, under which Plaintiff sells similar dolls and accessories. *Spin Master Ltd.,* 463 F. Supp. 3d at 368.  Plaintiff has therefore established a prima facie claim for trademark infringement and for trademark counterfeiting under 15 U.S.C. § 1114(1)(a).

### B. Injunctive Relief

In order to obtain a permanent injunction, Plaintiff must establish: "(1) that it will suffer an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 677 (S.D.N.Y. 2015) (citing *eBay Inc. v. MercExchange, L.L.C.*, 57 U.S. 388, 391 (2006)); *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546-47 (S.D.N.Y. 2015) (applying this standard to a request for injunctive relief in a motion for default judgment).

Plaintiff seeks a permanent injunction enjoining Defendant from infringing or counterfeiting the BARBIE® trademark.  The Court finds that the *eBay Inc.* factors favor relief.  First, without an injunction, Plaintiff will suffer irreparable injury because of the likelihood of confusion to customers regarding the source of Defendant's product.  "Irreparable harm exists in

a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither calculable nor precisely compensable." *Int'l Council of Shopping Centers, Inc. v. Glob. Infotech LLC*, No. 18-CV-8856 (AJN), 2019 WL 2004096, at *5 (S.D.N.Y. May 7, 2019) (quotations omitted). Second, because Defendant's past conduct suggests that it is "likely to continue infringing Plaintiffs' [trademark] in the future," *Warner Bros. Entm't Inc. v. RDR Books,* 575 F. Supp. 2d 513, 553 (S.D.N.Y. 2008), other remedies at law, such as damages, alone would be insufficient.

Third, there are no discernable, legitimate hardships that will fall upon Defendant from no longer being able to utilize a trademark-infringing brand. *See id.* ("The only possible harm to Defendant is the loss of the chance to sell an infringing [product], but the law does not protect this type of hardship."). Fourth, and finally, the public interest would be served by a preliminary injunction because the general consumer has an interest in knowing that "the mark it associates with a product is not attached to goods of unknown origin and quality." *N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc*., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

**C. Damages**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The district court instead must conduct an inquiry consisting of two tasks: (1) "determining the proper rule for calculating damages"; and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id*. The court may award only those damages it can ascertain with "reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

"The Lanham Act sets forth three types of damages that are available to a plaintiff injured by trademark counterfeiting: (1) actual damages; (2) statutory damages of 'not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just'; or (3) if the court finds that the use of the counterfeit mark was willful, 'not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.'" *Spin Master Ltd. v. 158*, 463 F. Supp. 3d at 371 (citing 15 U.S.C. § 1117(a)-(c)).

The Court does not have in the record before it the amount "goods or services sold, offered for sale, or distributed," for the purposes of calculating statutory damages. 15 U.S.C. § 1117(c). However, the Lanham Act permits a plaintiff to recover in actual damages, *inter alia,* a "defendant's profits." *Id.* at § 1117(a). Plaintiff has demonstrated that Defendant has $6,323.86 in an Amazon.com account, which Amazon.com froze in compliance with the Court's temporary restraining order. *See* Dkt. Nos. 18, 32-33.

This amount provides a rough approximation of Defendant's profits from the infringement. First, Defendant has not appeared to demonstrate that, in determining Defendant's profits, any amount of revenues should be offset by its costs, or that the account contained funds not attributable to the infringement. *See* 15. U.S.C. § 1117(a) ("[P]laintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). Second, the Court makes the reasonable assumption that the amount in Defendant's account at the time it was frozen does not represent the full amount of revenue Defendant generated from its infringement. In cases like this one, "[u]ncertainties as to [relevant] figures are to be resolved against the defendants because they have failed to help clarify the exact dollar amounts, sales volume, or their costs." *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 170

(S.D.N.Y. 1999). Plaintiff is therefore entitled to the amount in Defendant's Amazon.com account at the time of attachment, $6,323.86, in actual damages.

Moreover, the Court determines that it is appropriate to award treble damages under 15 U.S.C. § 1117(b) because Defendant's violation was willful. *Spin Master Ltd.*, 463 F. Supp. 3d at 371 ("In assessing actual damages for a willful violation, courts are instructed to award the greater of three times the amount of the defendant's profits or the plaintiff's losses, unless the court finds extenuating circumstances."). First, Defendant's default is sufficient to demonstrate willfulness. *See Louis Vuitton Malletier v. WhenU.com, Inc.*, No. 05 Civ. 1325, 2007 WL 257717, *4 (S.D.N.Y. Jan. 26, 2007) ("When a defendant has defaulted, then by virtue of its default it is deemed to be a willful infringer."). Additionally, a defendant's violation is willful where the defendant "had knowledge that his or her conduct represented infringement or recklessly disregarded the possibility." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010). Here, because of the popularity of Plaintiff's well-known mark and the closeness of the products, the Court concludes that Defendant's use of Plaintiff's mark was willful. Therefore, the Court will award Plaintiff three times the amount of Defendants profits, totaling $18,971.58.

### III.   CONCLUSION

For the reasons above, Plaintiff's motion for default judgment is GRANTED.

It is ORDERED that Defendant Guangzhou Zhehong, its agents, servants, employees and attorneys, and those persons in active concert with any of them who receive actual knowledge of this order by personal service or otherwise, be, and hereby are, enjoined from infringing the BARBIE® mark of Mattel, that was registered on the Principal Register of the U.S. Patent &

Trademark Office as U.S. Trademark Registration No. 3,287,023, for "full line of dolls, doll clothing and doll accessories," in violation of 15 U.S.C. §§ 1114 or 1125.

It is FURTHER ORDERED that judgment shall be entered against Defendant Guangzhou Zhehong in the amount of $18,971.58 in Plaintiff's actual damages pursuant to 15 U.S.C. § 1117(b).

It is FURTHER ORDERED that garnishee Amazon.com, Inc. be, and hereby is, ordered to transfer, within three business days of service of this order upon it, to Dunnegan & Scileppi LLC as attorneys for Mattel all funds of Defendant Guangzhou Zhehong in the amount that it is holding, and that if Dunnegan & Scileppi LLC receives more from Amazon.com, Inc. than the amount of the judgment, Dunnegan & Scileppi LLC shall within three business days of the receipt of any excess amount, return any excess to Amazon.com, Inc..

This resolves Dkt. No. 31.  The March 4, 2021 request for an extension of the temporary restraining order (Dkt. No. 38) is administratively denied.  Plaintiff's claims against the remaining defendants are voluntarily dismissed.  Dkt. No. 34.  The Clerk of Court is respectfully directed to return to Dunnegan & Scileppi LLC, as attorneys for Mattel, the $5,000 posted pursuant to the order entered December 30, 2020 (Dkt. 18), issue judgment, and close the case.

SO ORDERED.

Dated: March 5, 2021
        New York, New York

_____
ALISON J. NATHAN
United States District Judge